IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

AJAX MORTGAGE LOAN
TRUST 2019-C, MORTGAGE-
BACKED SECURITIES SERIES
2019-C, BY U.S. BANK
NATIONAL ASSOCIATION, AS            CASE NO.
INDENTURE TRUSTEE,

      Plaintiff,

v.

NANCY J. FUREY,

      Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff AJAX Mortgage Loan Trust 2014-A, Mortgage-Backed Notes, Series 2019-C, Mortgage-Backed Securities Series 2019-C, by U.S, Bank National Association, as Indenture Trustee ("AJAX") and hereby files its Complaint against Defendant Nancy J. Furey, an individual ("Furey") and alleges as follows:

## INTRODUCTION

1. This is an action for damages arising out of Furey's breach of Promissory Note. Furey has been in default under the Promissory Note since September 20, 2022.

1

## JURISDICTION AND VENUE

2. AJAX and Furey are citizens of different states and, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. This Court is the proper venue of this action pursuant to 28 U.S.C. § 1391(b)(2) because the transactions and occurrences which give rise to this action occurred in Niceville, Okaloosa County, Florida, which is in the Northern District of Florida, pursuant to 28 U.S.C. § 89(a).

## PARTIES

4. AJAX is a trust incorporated in Delaware with its principal place of business located in Portland, Oregon.

5. Upon information and belief, Furey is a resident of Okaloosa County, Florida.

## FACTS

I. **The Loan**

6. On or about December 1, 2006, Furey executed an Adjustable-Rate Balloon Note in the amount of $477,000.00 in favor of Old Merchants Mortgage, Inc., DBA ONMB, a New York corporation ("Note"). Attached hereto as Exhibit A is a true and correct copy of the Note.

7. On or about December 21, 2006, Furey and her spouse, John J. Furey executed a mortgage encumbering the property located at 18 Danbury Court, Niceville, FL 32578 ("Property"). The Mortgage was recorded on January 18, 2007 in the Official Records of Okaloosa County, Florida at Book 2760, Page 4755 ("Mortgage"). Attached hereto as Exhibit B is a true and correct copy of the Mortgage.

8. On or around September 19, 2011, Furey executed a Loan Modification Agreement with Selene Finance, LP ("First Modification to the Note"). Attached hereto as Exhibit C is a true and correct copy of the First Modification to the Note.

9. On or around January 12, 2015, Furey executed an Amendment to Promissory Note for $522,913.46 with US Bank National Association, as Indenture Trustee on behalf of and with respect to AJAX Mortgage Loan Trust 2014-A, Mortgage-Backed Notes, Series-A ("Second Modification to the Note"). Attached hereto as Exhibit D is a true and correct copy of the Second Modification to the Note.

10. Together the Note, First Modification to the Note, and Second Modification to the Note are the "Loan."

11. Together the Note, Mortgage, First Modification to the Note, and Second Modification to the Note are the "Loan Documents."

12. AJAX is the current owner and holder of the Loan Documents.

13. Pursuant to the Loan Documents, Furey promised to repay the amounts due and owing under Loan with interest thereon to AJAX.

## II. The Default

14. In March, 2022 Furey contracted to sell the Property to Williams Family Florida Investments, LLC.

15. Furey applied for and was denied a short-sale of the Property.

16. In March, 2022 to facilitate the closing of the sale of the Property, Furey requested a payoff of the Loan from AJAX.

17. A payoff statement dated March 30, 2022 reflecting $580,153.41 due and owing was provided to Furey. Attached hereto as Exhibit E is a true and correct copy of the March payoff statement.

18. For unknown reasons, the sale did not close prior to the expiration of the March payoff statement, and at Furey's request a second payoff statement dated June 8, 2022 reflecting $595,252.19 due and owing was provided to Furey. Attached hereto as Exhibit F is a true and correct copy of the June payoff statement.

19. For unknown reasons the sale did not close prior to the expiration of the June payoff statement, and at Furey's request a third payoff statement dated July 5, 2022 reflecting $468,858.14, due and owing was provided to Furey. Attached hereto as Exhibit G is a true and correct copy of the July payoff statement.

20. Due to a computer error the July 5, 2022 payoff statement contained an incorrect interest calculation.

21. The sale of the Property closed on or around July 11, 2022. The title agent on Furey's behalf wired funds in the amount of $468,858.14 to AJAX's servicer.

22. On July 21, 2022, AJAX contacted John J. Furey and advised that the funds were insufficient to satisfy the Loan.

23. At John J. Furey's request a payoff statement was immediately provided via email.

24. The outstanding Loan balance was not remitted to AJAX.

25. On September 20, 2022, AJAX sent Furey a Demand Letter as via USPS First Class Mail. Attached hereto as Exhibit H is a true and correct copy of the Demand Letter.

26. The Demand Letter provided notice to Furey of her default under the Loan Documents, and demanded the entire unpaid principal amount of the Loan, plus all accrued and unpaid interest therein, and late charges. At the time the Demand Letter was sent to Furey, the amount to cure the default was $132,373.25. The Demand Letter further advised that interest would continue to accrue on this amount at the rate of $74.47 per day. *See* Exhibit H.

27. The Demand Letter provided Furey with thirty (30) days to cure her default under the Loan Documents, and advised that failure to cure would result in the institution of formal litigation against Furey. *See* Exhibit H.

28. Furey failed to cure the default prior to the expiration of the Demand Letter.

### III. Conditions Precedent

29. Furey has defaulted under the Loan Documents by failing to make payments due under the terms of the Loan.

30. Due to Furey's default, AJAX declares immediately due and owing the entire unpaid principal balance together with accrued interest and other charges due and owing under the Loan.

31. As of September 20, 2022, the sum due and owing to AJAX from Furey is $132,373.25, which consists of:

    a. Unpaid Principal of $446,825.21.

    b. Deferred Principal of $58,744.27

    c. Accrued Interest of $ 75,141.11.[1]

    d. Unpaid Late Charges of $6,104.40.

    e. Accrued Late Charges of $152.61.

    f. Interest Credit of ($ 993.34).

---

[1] Interest continues to accrue daily at the rate of $74.47.

    g. Unpaid Charges of $4,800.31.

    h. Escrow Deficiency of $10,426.82.

    i. Reserve Balance of ($468,858.14).

    j. Reconveyance of $ 30.00.

32. By virtue of her default, Furey is also obligated to pay AJAX's reasonable attorneys' fees and legal expenses under the terms of the Loan Documents.

33. All conditions precedent to the institution of this action have been performed, waived or excused.

34. AJAX has retained the service of Messer, Strickler & Burnette, Ltd. to represent it in this matter and is obligated to pay the firm a reasonable fee for its services.

## COUNT I
## BREACH OF CONTRACT

35. AJAX realleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

36. The Loan Documents are a valid contract between AJAX and Furey, and remains in full force and effect.

37. The Loan Documents are enforceable against Furey in accordance with its terms.

38. AJAX has performed all of its obligations under the Loan Documents.

39. Although demand has been made upon Furey to pay the amounts due and owing, Furey has breached the Loan Documents by failing to pay the full amount due and owing.

40. As a direct result of Furey's breach, AJAX has suffered damages, including but not limited to, the full amount due and owing.

41. Due to Furey's breach of the Loan Documents, it was necessary for Furey to employ the undersigned attorneys and cause said attorneys to file this action for which AJAX will incur costs and expenses, including but not limited to, attorneys' fees and court costs incurred together with all other costs of collection, which costs and expenses are to be paid by Furey to AJAX under the terms of the Loan Documents.

**WHEREFORE**, AJAX respectfully requests this Court to enter final judgment in favor of AJAX for: (i) the full amount due under the Loan Documents thereto, and additional interest and other charges that may accrue during the pendency of this action; (ii) its reasonable attorneys' fees, costs, expenses, and other charges incurred in prosecuting this action as provided under the Loan Documents thereto; and (iii) such other and further relief the Court deems just and equitable.

## COUNT II
## MONEY HAD AND RECEIVED

42. AJAX realleges and incorporates by reference Paragraphs 1-33, as if fully set forth herein.

43. Pursuant to the terms of the Loan Documents, Furey received money or the equivalent value of money that, in equity and good conscience, belongs to AJAX.

44. Furey has failed to pay the full amount due and owing.

45. AJAX is entitled to recover from Furey the amounts due under the Loan Documents, plus other legally recoverably fees and costs.

**WHEREFORE**, AJAX respectfully requests this Court to enter final judgment in favor of AJAX for: (i) the full amount due under the Loan Documents thereto, and additional interest and other charges that may accrue during the pendency of this action; (ii) its reasonable attorneys' fees, costs, expenses, and other charges incurred in prosecuting this action as provided under the Loan Documents; and (iii) such other and further relief the Court deems just and equitable.

## COUNT III
## UNJUST ENRICHMENT

46. AJAX realleges and incorporates by reference Paragraphs 1-33, as if fully set forth herein.

47. AJAX conferred a benefit to Furey by lending the amounts available under the Loan Documents.

48. Furey has failed and/or refused to pay AJAX the amounts owed.

49. By retaining the borrowed funds or the equivalent value of same, while not repaying AJAX pursuant to the terms of the Loan Documents has been unjustly enriched at AJAX's expense.

50. AJAX has been damaged as a result of Furey's failure to pay, and is entitled to recover from Furey the amounts borrowed under the Loan Documents, plus attorneys' fees and costs, subject to the limitations imposed by the Promissory Note.

**WHEREFORE**, AJAX respectfully requests this Court to enter final judgment in favor of AJAX for: (i) the full amount due under the Loan Documents, and additional interest and other charges that may accrue during the pendency of this action; (ii) its reasonable attorneys' fees, costs, expenses, and other charges incurred in prosecuting this action as provided under the Loan Documents; and (iii) such other and further relief the Court deems just and equitable.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:   /s/ Maureen B. Walsh
MAUREEN B. WALSH, ESQUIRE
FL Bar No. 28179
LAUREN M. BURNETTE, ESQUIRE
FL Bar. No. 120079
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
mwalsh@messerstrickler.com
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: October 21, 2022